OFR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED 08 JUN -2 AM 11: 12

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **Ruben GARDUNO-Campos,** Defendant(s) | Magistrate Case No. '08 MJ 1731 COMPLAINT FOR VIOLATION OF: Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |

The undersigned complainant, being duly sworn, states:

On or about **May 29, 2008,** within the Southern District of California, defendant **Ruben GARDUNO-Campos** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Bernardo SALAZAR-Mendoza and Ramses MEDINO-Graillet** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 2nd DAY OF JUNE, 2008.

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Ruben GARDUNO-Campos**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Bernardo SALAZAR-Mendoza and Ramses MEDINO-Graillet** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 29, 2008 at approximately 6:10 p.m., Border Patrol Agent D. Judd was working on the State Route 94 Border Patrol Checkpoint in Jamul, California. At that time, Agent Judd received information of suspected illegal aliens entering into a gray, foreign-made, four door sedan near an area know locally as "Mission Dip" and was heading west towards the checkpoint. "Mission Dip" is approximately 21 miles east from the Border Patrol Checkpoint on State Route 94.

At approximately 6:25 p.m., a gray, four door Honda Civic arrived at the primary inspection area and Senior Patrol Agent C. Singleton introduced himself as a Border Patrol Agent to the driver, who was later identified as the defendant **Ruben GARDUNO-Campos**, and questioned him as to what his citizenship was. Agent Singleton then questioned the front passenger as to what his citizenship was. Agent Judd was unable to hear the responses of the defendant and the passenger but noticed that both appeared very nervous.

Agent Singleton then asked the defendant to drive his gray civic into the secondary inspection area. The defendant slowly drove past Agent Judd and Agent Singleton and then sped off, bypassing the secondary inspection area. Senior Patrol Agent F. Carbajal, who was assigned to the secondary area, deployed a tire deflation device (spike) on the gray civic and was able to spike all four tires. Agent Judd immediately got into a marked Border Patrol Sedan and drove off after the defendant.

Agent Judd drove west on S.R. 94 and could see shredded tires on the road but was unable to see the gray civic. Agent Judd continued westbound on S.R. 94 and could see smoke coming from the gray civic which had slid into the middle of the road and came to a complete stop. Agent Judd then got out of his vehicle and noticed that both the defendant and the passenger were still in the gray civic. Agent Judd told the defendant and the passenger to exit the vehicle to which they complied. Agent Judd handcuffed them and placed them on the curb of the road. Agent Judd then questioned the passenger about his citizenship and immigration status and he admitted to being a Mexican National and did not have immigration papers that would allow him to enter or remain in the United States legally.

Immediately afterwards, Agent Eddy searched the gray civic with his K-9 which alerted to the trunk of the gray civic. Upon further investigation, Agent Eddy found a secret compartment under the plywood floor of the trunk where an individual was hiding. Agent Eddy and Agent Judd then questioned the individual in the trunk about his citizenship and immigration status, and he readily admitted to being a Mexican National who was in the United States illegally and did not possess valid U.S. immigration documents that would allow him to enter or remain in the United States. Agent Eddy and Agent Judd placed the passenger and the individual in the trunk under arrest for being illegally present in the United States. Agent Eddy and Agent Judd then placed the defendant under arrest for alien smuggling. The three individuals were then transported to the Border Patrol Checkpoint on State Route 94 for further processing.

**CONTINUATION OF COMPLAINT:**
**Ruben GARDUNO-Campos**

**DEFENDANT STATEMENT:**

The defendant was advised of his Miranda Rights and indicated that he understood his rights and did not ask for an attorney before providing the Agents with a statement. The defendant stated that he is a citizen of the United States.

When asked by Agent Zimmer as to what happened, the defendant responded "nothing". He was then asked to who owned the car and the defendant replied that it was his girlfriend's car. The defendant stated that he dropped his girlfriend off in Tecate, California and began to head back to his aunt's house where he was staying. The defendant stated that he saw the two subjects standing on the side of the road near a phone booth. The defendant stated that he pulled to the side of the road near the subjects because he thought his tire was going flat. At that point one of the subjects asked him for a ride to Chula Vista, California. The defendant stated that the subjects offered him 20.00 dollars for gas money for their ride to Chula Vista. The defendant agreed and then opened the trunk and told SALAZAR to get in. MERINO then got into the front seat and they headed for Chula Vista. When asked why he did not stop, the defendant stated that he panicked because he knew MERINO was illegal. When asked as to how he knew, the defendant replied "because he told me he had lost his passport". When asked if he was wearing his own clothes the defendant stated "no". SBPA Zimmer asked him on how he was wearing different clothes the defendant simply stated that MERINO asked him so he did. The defendant did not find this unusual when questioned about it. When asked as to why he put SALAZAR in the trunk, the defendant did not have an answer. Agent Zimmer asked him if he thought it was unusual to ride around in a trunk, the defendant did not answer. The defendant was asked if he had ridden in the trunk of a trunk before and he answered "sometimes".

**MATERIAL WITNESSES STATEMENTS:**

Material Witnesses **Bernardo SALAZAR-Mendoza and Ramses MEDINO-Graillet** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they do not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Tijuana Baja California, Mexico to be smuggled into the United States. **Bernardo SALAZAR-Mendoza and Ramses MEDINA-Graillet** stated that they were to pay $2,000.00 U.S. dollars when they reached there destination to various parts of the United Sates. When shown a photographic lineup, **Bernardo SALAZAR-Mendoza and Ramses MEDINO-Graillet** were able to identify the defendant **Ruben GARDUNO-Campos** as the driver of the vehicle.

**Executed on May 31, 2008 at 9:00 a.m.**

Carlos R. Chavez